(84 South. 307)

JONES v. BATY.    (2 Div. 198.)

(Court of Appeals of Alabama.   Dec. 16, 1919.)

1. DETINUE ☞22—TROVER AND CONVERSION ☞66—AFFIRMATIVE CHARGE SHOULD NOT BE GIVEN WHERE EVIDENCE CONFLICTING.

In trover and detinue for cattle which plaintiff claimed as a gift from her husband, and to which defendant asserted title under a mortgage, where there was evidence that title to the cattle was in the husband at the time he executed the mortgage, a general affirmative charge for plaintiff was properly refused.

2. TRIAL ☞251(3)—CHARGE ON ISSUE NOT RAISED WAS PROPERLY REFUSED.

In trover and detinue by plaintiff, who claimed cattle as a gift from her husband, where defendant asserted title under a mortgage executed by the husband, where no question as to the execution of the mortgage was raised, a charge requested by plaintiff that the jury must find the mortgage was properly executed before verdict could go for defendant was properly refused; this being particularly so where the court in its oral charge set forth that the jury must find that title was in the husband at the time he executed the mortgage.

3. TRIAL ☞252(5) — INSTRUCTION WHOLLY ABSTRACT SHOULD BE REFUSED.

In detinue and trover for cattle which plaintiff claimed as a gift from her husband, where defendant asserted title under a ·mortgage executed by the husband, and where·there was no evidence that the original mortgagee swore before the grand jury that the animals were not the property of the husband, a charge that the fact that the mortgagee signed his name as prosecutor to a bill was not conclusive evidence that he made a sworn statement in the grand jury room that the cattle were not his should be refused.

4. APPEAL AND ERROR ☞1066—GIVING OF ABSTRACT CHARGE HELD HARMLESS.

In detinue and trover for cattle which defendant claimed under a mortgage executed by plaintiff's husband, and plaintiff claimed by way of gift, the giving of an abstract charge on testimony by the original mortgagee in the grand jury room *held* not prejudicial error.

5. APPEAL AND ERROR ☞263(1)—IN ABSENCE OF EXCEPTIONS, PROPRIETY OF COURT'S ORAL CHARGE CANNOT BE REVIEWED.

Where no exceptions were reserved to the trial court's oral charge, it cannot be reviewed on appeal.

6. APPEAL AND ERROR ⬤⟳260(2)—RULING EXCLUDING EVIDENCE MUST BE PRESENTED BY EXCEPTION.

Where no exception was reserved to the ruling of the trial court sustaining an objection to a question propounded to a witness, the ruling cannot be reviewed on appeal.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Detinue and trover by Lula Jones against Dan Baty. Judgment for defendant, and plaintiff appeals. Affirmed.

Charge 1 was the general affirmative charge for the plaintiff. Charge 2 was the general affirmative charge as to the detinue count, and charge 3 the general affirmative charge as to the trover count. Charge 4 is as follows:

In order to find a verdict for the defendant in this case, you must find that the mortgage purported to be given by Palma Jones to Lonnie Moncrief was properly executed by him; that is, that Palma Jones gave Lonnie Moncrief a legal mortgage on the property in dispute, and that the property in dispute was the property of said Palma Jones.

The following charge was given at the instance of the defendant:

The fact that L. A. Moncrief signed his name as prosecutor to a bill found in the circuit court of Marengo county is not conclusive evidence that he made a sworn statement in the grand jury room that they were not his cattle.

I. I. Canterbury, of Linden, for appellant.

The plaintiff was entitled to recover. Section 4498, Code 1907; 15 Ala. App. 419, 73 South. 747; 98 Ala. 79, 13 South. 280; 72 Ala. 406; 193 Ala. 447, 69 South. 421; 195 Ala. 353, 70 South. 153; 8 Ala. App. 440, 62 South. 308; 12 Ala. App. 456, 68 South. 545. The charges requested should have been given. Authorities supra. The court erred in giving the charges for the defendant. 11 Ala. App. 670, 66 South. 954; 183 Ala. 237, 62 South. 889. The oral charge of the court was erroneous. 193 Ala. 447, 69 South. 421; 11 Ala. App. 382, 66 South. 890; 8 Ala. App. 440, 62 South. 308.

S. W. Compton, of Linden, for appellee.

The court properly refused the affirmative charges requested by the plaintiff. 180 Ala. 541, 61 South. 68; 194 Ala. 162, 69 South. 582. The title was in the husband, under the evidence in this case. 22 Ala. 743; 54 Ala. 309; 99 Ala. 441, 12 South. 420, 19 L. R. A. 700; 164 Ala. 442, 51 South. 268.

BRICKEN, P. J. The complaint in this case contained two counts; the first being in detinue for the recovery of two cows, and the second in trover for the conversion of the cows.

Plaintiff, appellant, was the wife of one Palma Jones and claimed the cows by gift from her husband.

The defendant claims title to the cows under a mortgage which had been executed by Palma Jones to Moncrief. The testimony shows that at the time of the execution of the mortgage Palma Jones was in possession of the cows. There was verdict and judgment for the defendant, and plaintiff has appealed to this court, and assigns as error the refusal of the court to give charges requested in writing by plaintiff, the giving of a charge requested in writing by defendant, the oral charge of the court, and the rulings of the court upon the testimony.

[1] There was no error in refusing to give charges numbered 1, 2, and 3 requested in writing by plaintiff. These charges were the affirmative charge as to the complaint as a whole, and as to each count of the complaint. The evidence as to the ownership of the cows was in conflict, and there was sufficient evidence to justify a finding by the jury that the title to the cows was in Palma Jones at the time he executed the mortgage to Moncrief under which defendant claimed title, having purchased the cows from Moncrief. Where there is a conflict in the evidence the affirmative charge should not be given.

[2] There was no error in refusing to give charge 4 requested in writing by the plaintiff. This charge was misleading in that it stated that "you must find that the mortgage purported to be given by Palma Jones to Lonnie Moncrief was properly executed." No question as to the execution of the mortgage was raised at the time it was offered in evidence; besides, the court's oral charge set forth the fact that the jury must find that the title was in Palma Jones at the time he executed the mortgage to Moncrief.

[3, 4] The charge given at the request of the defendant was abstract and could have been properly refused. There was no evidence in the record that Moncrief swore before the grand jury that the cattle were not the property of Palma Jones. However, no injury could have resulted to plaintiff by the giving of this charge.

[5] There was no exception reserved to the court's oral charge, and therefore it cannot be reviewed. However, we have examined the oral charge, and find no error of a prejudicial nature.

[6] There was no exception reserved to the ruling of the court in sustaining the objection to the question propounded to the witness Mrs. L. Moncrief, which is made the seventh assignment of error; hence this ruling of the court is not properly presented for review.

There being no error in the record, the judgment of the circuit court is affirmed.

Affirmed.